IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: Letter Rogatory from the Ditrict Court of Wroclaw, Republic of Poland Dorota Bauer v. Christopher Bauer ) ) ) ) ) ) ) ) ) ) | **Case No. 1:12-MC-052**<br><br>**Judge Gaughan**<br><br>MOTION to Re-open Case with MOTION to Vacate an Order of appointment as Commissioner to obtain responses with MOTION to Quash the Subpoena. |

Now comes Christopher Bauer, and respectfully submit this MOTION to Re-open Case, with MOTION to Vacate an Order of appointment of Assistant United States Attorney, Lynne H. Buck as Commissioner to obtain Christopher Buaer's responses to Polish Court's interrogatories, with MOTION to Quash the Subpoena, for the reasons contained in the brief attached hereto and made a part hereof as if fully rewritten herein.

Respectfully submitted,

_/s/ K Bau_

CHRISTOPHER BAUER, pro se
2695 Broadmore Ln
Westlake OH 44145
(216) 223-8345

## CERTIFICATE OF SERVICE

Copies of the foregoing have been served by regular U.S. mail and electronically to the following party on the  15   day of May, 2012


Lynne H. Buck
Assistant U.S. Attorney
801 West Superior Ave Suit 400
Cleveland OH 44113

## MEMORANDUM IN SUPPORT OF MOTION

On April 11, 2012, this Court issued a Order appointing Lynne Buck Assistant United States Attorney as Commissioner to obtain interrogatory responses from Christopher Bauer in a custody lawsuit in District Court of Wroclaw in Poland.

### **BACKGROUND**

In September 2004 Dorota Bauer filed for divorce from Christopher Bauer in Court Of Common Pleas Division Of Domestic Relations Cuyahoga County, Ohio. (Case No: DR04 300880 ).

On August 26, 2005, Court Of Common Pleas entered JE of divorce, designating both parents, Mother Dorota Bauer (Mother) and Father Christopher Bauer (Father) as the primary and legal custodian of minor children and entering Share Parenting Plan with respect to minor children residency. In addition court ordered that neither party was allowed to relocate minor children outside of court jurisdiction without court order.

In February 2009 Regional Court of Wroclaw, Republic of Poland [1] ordered that divorce and custody orders from Court Of Common Pleas Division Of Domestic Relations Cuyahoga County, Ohio to be recognized in the Republic of Poland.

---

[1] Regional Court of Wroclaw, Republic of Poland (this is a higher tribunal to District Court of Wroclaw, Republic of Poland)

3

On August 28, 2008 Father filed an ex parte Emergency Motion for Possession of the minor children alleging that Mother had left the country and refused to return with the boys. The motion was granted and a Judgment Entry issued on September 15, 2008, which found that Mother's removal and continuing retention of the minor children from their habitual residence in the United States was a violation of the custody order and an interference with Father's parental rights. Mother was ordered to immediately return the minor children to the United States and relinquish possession to Defendant if she chose to remain out of the country.

Consequently both parties participated in court action in Court Of Common Pleas Division Of Domestic Relations Cuyahoga County, Ohio. (Case No: DR04 300880 ) and being represented by attorneys as well as filing pro se motions. The matter came on for full hearing on October 6, 2009. On December 1, 2009 court designated Father as primary and legal custodian of younger minor son and decided to keep both parents as the primary and legal custodian of an older minor son.

On June 8, 2011 Mother was continuing civil court action in Court Of Common Pleas by filed Emergency Motion for Allocation of parental rights. Motion was dismissed.

On May 15, 2009, in addition to continued custody litigation in the Court Of Common Pleas Division Of Domestic Relations Cuyahoga County, Ohio Mother filed a custody lawsuit in Polish court. Father did not participated in custody lawsuit in Poland.

4

In February 2011, Father was contacted by Office of the U.S. Attorney Northern District of Ohio with regards to interrogatories from District Court of Wroclaw, Republic of Poland related to custody lawsuit in Polish Court.

## DISCUSSION

Assistant United States Attorney bring this action pursuant to 28 U.S.C. § 1782(a), which enables district courts to order discovery "for use in a proceeding in a foreign or international tribunal." This statute authorizes a district court to permit discovery when (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made,

(2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by a foreign or international tribunal or any interested person. See 28 U.S.C. § 1782(a); In re Caratube Int'l Oil Corp., 730 F. Supp. 2d 101, 104 (D.D.C. 2010); Schmitz v. Bernstein, Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004).

Even where section 1782's threshold requirements are met, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004); see also id. at 247 ("§ 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals . . . ."). Rather, the Supreme Court has identified several factors for courts to consider in evaluating petitions under section 1782. A

court could weigh, for example, whether "the person from whom discovery is sought is a participant in the foreign proceeding." Id. at 264. Courts also "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance." Id. Additionally, "a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Id. at 264-65. And "unduly intrusive or burdensome requests may be rejected or trimmed." Id. at 265. In examining these factors, district courts should consider "'the twin aims of [section 1782]: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" Schmitz, 376 F.3d at 84 (quoting In re Metallgesellschaft AG, 121 F.3d 77, 79 (2d Cir. 1997)).

Therefore "the character of the proceedings underway abroad" needs to be consider together with evaluation if the § 1782(a) request "conceals an attempt to circumvent … policies of … the United States" and its laws.

As it was correctly stated in the § 1782(a) application that Polish Court interrogatories are part of child custody lawsuit brought by Mother as a blunt attempt to circumvent United States laws. First, minor children were kidnapped by her outside of the United States against standing custody order from Court Of Common Pleas. Consequent orders for immediate return of children were disregarded. At the same time Mother actively participated in child custody proceedings in Court Of Common Pleas.

6

While reviewing the § 1782(a) application in the Polish Court child custody lawsuit, recognition of jurisdiction becomes at most important issue. The **UCCJEA** (Uniform Child Custody Jurisdiction And Enforcement Act) governs jurisdiction in child custody litigation.

Court Of Common Pleas which has made a child-custody determination consistent with UCCJEA has exclusive, continuing jurisdiction over the determination until either (1) that court determines that neither the child, the child's parents, nor any person acting as a parent has a significant connection with the State that made the original order and that substantial evidence is no longer available in the State concerning the child's care, protection, training, and personal relationships, *or* (2) that court or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in the State that initially made the child custody order. Non of the above two conditions apply since Father continually resides within Court Of Common Pleas jurisdiction.

Not only Court Of Common Pleas never relinquish jurisdiction in child-custody determination, but it explicitly reiterated in 9-15-2008 JE that Cuyahoga County, State of Ohio United States of America is the habitual residence of both minor children.

Moreover The UCCJEA vests "exclusive [and] continuing jurisdiction" for child custody litigation in the courts of the child's "home state". Per UCCJEA in O.R.C 3127.04 (a) A court of this state shall treat a foreign country as if it were a state of the United States. Therefore in above caption matter child custody jurisdiction lays exclusively with State of

Ohio United States of America. An example of UCCJEA working just as it is supposed to, to discourage opportunistic forum shopping and child snatching, is provided by an opinion called Foster v. Foster, ___ Va. App. ___, ___ S.E.2d ___, 23 VLW 299 (8/12/08)

First, when evaluating petitions under § 1782(a) application and while considering if "the person from whom discovery is sought is a participant in the foreign proceeding" following facts needs to be consider. Both Mother and Father are participants in Court Of Common Pleas court action child custody litigation. Therefore Mother has means to peruse discovery in that venue.

Second, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad. In this case character of the proceedings in Polish Court are in violation of UCCJEA and Hague Convention on the Civil Aspects of International Child Abduction.

Finally petitions under § 1782(a) application stipulates that a person may not be compelled to give his testimony or statement or to produce a document whether the discovery request is "unduly intrusive or burdensome." Intel Corp., 542 U.S. at 264-66. In above child custody lawsuit in Polish Court § 1782(a) application interrogatories may submit Father to the jurisdiction of this Polish Court by filing a responsive document having the effect of waiving any contest to personal jurisdiction and or subject-matter jurisdiction. This will be a in violation of UCCJEA.

## **CONCLUSION**

WHEREFORE, for the reasons outline in this brief I respectfully move the Court to Re-open this case and to Vacate an Order of appointment of Assistant United States Attorney, Lynne H. Buck as Commissioner to obtain Christopher Buaer's responses to Polish Court's interrogatories, and to Quash the Subpoena.